IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID LLOYD SMITH, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:17-CV-400 |
| SHERIFF BOBBY RADER | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, David Lloyd Smith, Jr., a pre-trial detainee confined at the Liberty County Jail, proceeding *pro se* and *in forma pauperis*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the petition be dismissed for failure to exhaust administrative remedies.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Petitioner filed objections to the Report and Recommendation of United States Magistrate Judge. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration of the objections, the court finds them lacking in merit. While a pre-trial detainee has the right to seek federal habeas relief, the availability of such relief is not without limits. *Bradon v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 488-89 (1973). The right to seek federal habeas corpus relief under § 2241 "does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* at 489. To the contrary, a pre-trial detainee is not permitted to derail "a pending state court proceeding by an attempt to litigate constitutional defenses prematurely in

federal court." *Id*. at 493. The United States Supreme Court has thus drawn "an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle*, 530 F.2d at 1280, 1283 (5th Cir. 1976) (quoting *Braden*, 410 U.S. at 490).

The Fifth Circuit has held that this distinction rests upon the type of relief requested by the petitioner: If the petitioner is attempting to dismiss the indictment or prevent the prosecution of his case, then he is seeking to abort the state proceedings. *Id*. at 1282. If he is attempting to "force the state to go to trial," then he is merely seeking to force the state to fulfill its obligation to provide him with a prompt trial. *Id*. "While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met." *Id*. at 1283.

As outlined by the Magistrate Judge, petitioner concedes he has not submitted the factual or legal basis of his claim to the highest available state court for review — the Texas Court of Criminal Appeals.[1] *See Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1983), *cert. denied*, 460 U.S. 1056 (1983). In Texas, a pre-trial detainee must present his claims to the Texas Court of Criminal Appeals before seeking relief in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). Exceptions exist only where there is an absence of available state corrective process or "exceptional circumstances of peculiar urgency" render such process ineffective to protect the rights of the applicant. *See Deters*, 985 F.2d at 795. Petitioner, again, has failed to present the court with facts to suggest "exceptional circumstances of peculiar urgency" exist or the unavailability of the state corrective process.

---

[1] An independent review of the website for the Texas Court of Criminal Appeals reveals that no writ of habeas corpus has been filed by petitioner and/or in relation to Cause Number 33213 in the 75th Judicial District Court of Liberty County, Texas.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A Final Judgment will be entered in accordance with the recommendations of the Magistrate Judge.

**So Ordered and Signed**
**Apr 20, 2018**

_____
Ron Clark, United States District Judge